IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON ELLIOTT # 31034-037 | * | |
| Petitioner | * | Civil Action No.  PJM-12-2931 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Damon Elliott's Petition under the All Writs Act, 28 U.S.C. § 1651 in which he seeks to compel the "use of any available remedy to examine" DNA results associated with his conviction. ECF No. 1.  The Court shall consider the Petition as requesting relief under the Writs of Audita Querela and Coram Nobis, both of which are encompassed under the All Writs Act.

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. §2241. *United States v. Elliott*, Criminal Action No. PJM-97-53.  The judgment was affirmed on appeal. Elliott's first 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence was denied on April 5, 2000. The Fourth Circuit later denied his request for a Certificate of Appealability. Elliott is presently incarcerated at the United States Penitentiary in Tucson, Arizona.

The All Writs Act, 28 U.S.C. 1651(a), provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a))   The Writ of Error Coram Nobis is an extraordinary remedy which may be used to correct fundamental error in a criminal conviction "presenting

circumstances compelling its use to achieve justice." *Denedo*, 556 U.S. at 911 (internal quotation marks omitted); *see also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir.2 012). Relief is limited to those petitioners who are no longer in custody pursuant to their convictions. *See Carlisle v. United States*, 517 U.S. at 416, 429 (1996). Further, relief is not available when there is an alternative remedy, such as habeas corpus. *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252. In this case, Elliott is in custody pursuant to the conviction at issue; therefore, the Writ of Error Coram Nobis is not available to him.

      The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle,* at 517 U.S. at 429. The Writ of Audita Quera is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C.] § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotation marks omitted)); *see also United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 ...."). Petitioner's lack of success in obtaining collateral relief under § 2255 does not alter this analysis. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); s*ee also Valdez–Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very

limitations create a gap in the postconviction remedies that must be filled by the common law writs.").[1] Accordingly, there are no grounds to grant Audita Querela relief.[2]

For these reasons, the Petition will be denied. A separate Order consistent with this Memorandum Opinion follows.

October 19, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Elliott wants to vacate his sentence, he can request relief by filing a successive § 2255 petition after he first obtains pre-filing authorization from the United States Court of Appeals for the Fourth Circuit.

[2] Elliott does not address mandamus relief under 28 U.S.C. § 1361.